UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS E. BROWNLEE,

                Petitioner,                Case No. 2:18-cv-13311
                                                      Hon. Paul D. Borman

v.

WILLIS CHAPMAN, Warden[1],

                Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DISMISSING MOTION TO PROCEED IN FORMA PAUPERIS FOR APPOINTMENT OF COUNSEL, (3) DENYING CERTIFICATE OF APPEALABILITY, AND (4) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Dennis E. Brownlee was convicted after he pled no contest in the Oakland Circuit Court to two counts of kidnapping, one count of unarmed robbery, two counts of resisting a police officer, one count of assault with a dangerous weapon, and to being a fourth-time habitual felony offender. Petitioner was sentenced to a string of concurrent terms of imprisonment, the longest of which is 225 to 480 months for his kidnapping convictions.

---

[1]Defendant Brownlee is now housed at Macomb Correctional Facility and his warden is now Willis Chapman.

The petition claims that Petitioner's plea was involuntarily entered when his attorneys erroneously informed him that his mental status related defenses would be preserved for appeal despite his no contest plea. The Court will deny the petition because the claim lacks merit. The Court will also deny Petitioner's Motion to Proceed In Forma Pauperis for Appointment of Counsel (ECF No. 12) as moot. Finally, the Court will deny Petitioner a certificate of appealability and deny permission to appeal in forma pauperis.

## I. Background

On the morning trial was set to commence the parties discussed the status of plea negotiations. The prosecutor stated that Petitioner faced a mandatory minimum 25-year sentence if he was convicted as a fourth-time habitual felony offender. (ECF No. 9-8, PgID 170.) The prosecutor indicated that the state had offered a plea deal to Petitioner whereby he would plead guilty to the charged offenses, but the mandatory minimum term would be dismissed along with the possibility of consecutive sentencing. The prosecutor further agreed to a minimum term of 225 months. (*Id.* at PgID 170-71.)

Petitioner then addressed the court at length and stated that he was suffering from mental illness at the time of the crimes, and he complained that his defense attorneys did not adequately explore a defense on those grounds. (*Id.* at PgID 173-75.)

2

The trial court responded that it had not observed anything during the proceedings that would call into question the performance of his counsel or that Petitioner had a viable insanity defense that required an evaluation at the Forensic Center. (*Id.*)

The court informed Petitioner once again of the terms of the plea offer, stating:

> That's the offer that's on the table. It is entirely up to you whether you choose to accept that offer or whether you go to trial. And I want to give you the assurance that as a judge for twenty years I have never ever punished anyone for their decision to go to trial. That's your decision and your decision alone.

(*Id.* at PgID 179.)

Petitioner responded, "I'll accept the plea." (*Id.*)

The trial court then placed Petitioner under oath. Petitioner was informed of the rights he would be waiving by entering his no contest plea, including the right to a trial of any kind. (*Id.* at PgID 180.) Petitioner denied the existence of any additional promises that were not placed on the record. (*Id.*) The trial court informed Petitioner, "You also understand that a plea of no contest is a waiver of your right to appeal your conviction and sentence by right and you can only appeal if the Court of Appeals agrees to hear your case?" (*Id.*) Petitioner indicated his understanding. (*Id.*) At no point during the colloquy did Petitioner indicate his understanding that he would be preserving the ability to raise his mental status defense on appeal.

At sentencing, the trial court noted the benefit Petitioner received under the

terms of the plea agreement in avoiding the 25-year mandatory minimum sentence and the possibility of consecutive terms. (ECF No. 9-9, at PgID 195-96.) The court then sentenced Petitioner as indicated above. (*Id.* at PgID 196-97.)

Petitioner was subsequently appointed appellate counsel who filed a motion to withdraw the plea. Petitioner argued that his trial counsel, Sanford, failed to inform him that his plea would have the effect of waiving any claim on appeal that his mental illness provided a defense to the charges. He also alleged that another attorney, Taylor, met with him and Sanford at the jail, and Taylor erroneously told him that a no contest plea is a conditional plea that allowed him to assert defenses to the charges on appeal. (ECF No. 9-14, PgID 318-21.)

The trial court held an evidentiary hearing on the motion, at which the two defense attorneys and Petitioner testified. Sanford testified that she advised Petitioner that by entering a plea he would "not have an automatic right to appeal," and that any appeal would be by leave and not by right. (ECF No. 9-11, at PgID 227.) The prosecutor asked Sanford whether Petitioner asked her about his ability to continue pursuing his defense after entering a no contest plea, and she said that he did not. (*Id.* at PgID 238.) Sanford denied that Petitioner's "reason for pleading [no contest] was that he knew he could still follow through and appeal these issues that had been discussed before[.]" (*Id.*) Sanford testified that she was familiar with conditional

4

pleas, but that she never discussed that option with Petitioner. (*Id.* at PgID 238.) Sanford also denied hearing Taylor tell Petitioner that a no contest plea acts like a conditional plea. (*Id.* at PgID 241.)

Taylor testified that he informed Petitioner that any plea would mean that his appeal would be by leave instead of by right. (*Id.* at PgID 248.) He denied advising Petitioner that a no contest plea is a conditional plea that would allow him to present his defenses on appeal. (*Id.* at PgID 250.) Taylor also testified that conditional pleas were very rare, and he never talked about a conditional plea with Petitioner. (*Id.* at PgID 249-50.)

Petitioner testified that he asked Taylor about the possibility of a conditional plea, and Taylor told him a no contest plea is automatically a conditional plea. (*Id.* at PgID 254.) Petitioner testified that he thought by entering his plea he was " gonna plea out, and then appeal." (*Id.* at PgID 255.)

The trial court chose to believe Petitioner's defense attorneys, and made the following findings:

> Ultimately, Mr. Brownlee voluntarily chose to plead to the kidnapping related charges, and subsequently the unarmed robbery charges. The record does not support the claim of Mr. Brownlee that he was told by attorney Taylor that a no contest plea was automatically a conditional plea that would have allowed him to appeal the procedural and substantive issues that he had raised prior to entering his pleas. Nor does the record support a determination that Mr. Brownlee believed his pleas were conditional. The record does support the conclusion that Mr.

> Brownwlee conceded that the issues he had raised were without merit, and would not be a benefit to him if they were pursued.

(ECF No. 9-12, at PgID 307) (footnote omitted).

The trial court concluded that Petitioner failed to establish that he had been denied the effective assistance of counsel, and it denied the motion to withdraw the plea. (*Id.* at PgID 309-10.)

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the same claim he presents in the instant habeas petition. The Michigan Court of Appeals denied the application "for lack of merit in the grounds presented." (ECF No. 9-15, at PgID 322.) Petitioner filed an application for leave to appeal in the Michigan Supreme Court, again rasing the same claim. The Michigan Supreme Court denied the application because it was "not persuaded that the question presented should be reviewed by" it. *People v. Brownlee*, 898 N.W. 2d 226 (Mich. 2017) (Table) (ECF No. 9-16, PgID 686.)

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

6

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.' " *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003), quoting *Williams*, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

> "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

7

*Richter*, 562 U.S. at 103 (internal quotation omitted).

### III. Analysis

Petitioner claims that the trial court erred in denying his motion to withdraw his no contest plea because he was led to incorrectly believe that his mental status defense would be preserved for appeal. The state trial court held an evidentiary hearing on the claim, and after it heard testimony from Petitioner and his attorneys, it made a factual determination that Petitioner was not told that his defenses would survive his no contest plea, nor did he believe they would. (ECF No. 9-12, at PgID 307-08.)

Initially, the Court observes that Petitioner has no federal constitutional right to withdraw his no contest plea. *See Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir. 2013). Unless a habeas petitioner's guilty or no contest plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of his plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

To satisfy due process, a guilty or no contest plea must be voluntarily and intelligently made. *See Shanks*, 387 F. Supp. 2d at 749; *Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). In order for a plea of no contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea.

8

*Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). When a criminal defendant brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). Any factual findings made by a state court underlying its determination that a plea was voluntary and knowing are accorded a presumption of correctness. *See* 28 U.S.C. § 2254(e)(1). Petitioner can only overcome the presumption of correctness with clear and convincing evidence. *Id.*

"It is only when the consensual character of [a guilty or no contest] plea is called into question that the validity of a . . . plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). As explained by the Supreme Court,

> "a plea of guilty [or no contest] entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g., bribes)."

*Id*. (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)).

Petitioner claims to have been misled about the availability of his defenses after his no contest plea, but the trial court's proper plea colloquy–during which Petitioner failed to indicate such a belief–cured any misunderstandings that he may have had

9

about the consequences of his plea. *Ramos v. Rogers*, 170 F. 3d 560, 565 (6th Cir. 1999). Prior to accepting the plea, Petitioner was informed that his no contest plea acted the same as a guilty plea, and that it waived his right to appeal. (ECF No. 9-8, PgID 180.) If Petitioner harbored a belief that he could present his defenses to the charges on appeal, he failed to say so when he was given the opportunity at the plea proceeding to indicate whether any other promises were made to him to induce his plea. (*Id.*) Habeas relief cannot be granted by crediting a habeas petitioner's subjective version of his understanding of the plea bargain over the terms placed on the record. *See Nichols v. Perini*, 818 F. 2d 554, 558-559 (6th Cir. 1987); *see also Bair v. Phillips*, 106 F. Supp. 2d 934, 940-941 (E.D. Mich. 2000).

With respect to Petitioner's claim that his counsel was ineffective for erroneously advising him that his no contest plea acted like a conditional plea, the claim is without merit because Petitioner has not overcome the presumption of correctness attaching to the trial court's factual determination that neither attorney ever told Petitioner that his appeal was conditional. § 2254(e)(1).

Because Petitioner's claim is without merit, the petition will be denied. Accordingly, Petitioner's Motion to Proceed In Forma Pauperis For Appointment of Counsel (ECF No. 12) is dismissed as moot.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability issues. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted). Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability because his claims are devoid of merit. Therefore, the Court denies a certificate of appealability.

If Petitioner chooses to appeal the Court's decision, leave to proceed in forma pauperis is denied because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) DENIES WITH PREJUDICE the petition for a writ of habeas corpus, 2) DENIES Petitioner's request for the appointment of counsel, 3) DENIES a certificate of appealability, and 4) DENIES permission to appeal in forma pauperis.

IT IS SO ORDERED.

                                                s/Paul D. Borman  
                                                Paul D. Borman  
Dated: October 25, 2019              United States District Judge